OPINION
Appellant Bank One Trust Company ("Bank One") appeals the decision of the Muskingum County Court of Common Pleas, which denied Bank One's motion for summary judgment, granted Appellee First National Bank of Zanesville's ("First National") motion for summary judgment, and dismissed the claims of Bank One.
Plaintiff-Appellee Doris Ann Hagar Hunt is Lori Ann Hagar's mother. Lori was born with cerebral palsy. Thomas Sands was the attorney who represented the Hagars in a medical malpractice lawsuit. After a settlement was recovered in said lawsuit on behalf of Lori Ann, a guardianship account was established with the Central Trust Company, who later was acquired by Bank One. Bank One and Hunt were designated co-guardians of the guardianship estate.
During a period of time from approximately 1991 to 1993, Sands forged probate court entries and other pleadings to obtain disbursements from the guardianship account. The checks were drafted by Bank One, and were written on the guardianship account. The checks were made out to Doris Hunt as guardian. Sands then forged endorsements on the checks, and deposited them in his account with First National.
On January 5, 1995, Doris Hunt, individually and as guardian and next friend of Lori Ann Hagar, filed a complaint alleging conversion, forgery, fraud, negligence, breach of fiduciary duty, securities violations, and unjust enrichment against Thomas Sands, Bank One, and an unknown John Doe. Hunt in essence alleged that a total of four checks, totalling over $130,000, were paid over forged endorsements. Bank One filed its answer and a cross claim against Sands on February 14, 1995. Sands filed his answer to appellant's complaint on February 22, 1995.
On March 4, 1996, Bank One filed a third party complaint against First National. On March 15, 1996, First National filed its answer to the third party complaint, as well as a cross claim against Sands.
On March 6, 1998, the trial court initially granted summary judgment in favor of First National, finding that any claim for the forged checks was extinguished when Bank One held the checks in its possession for over one year without providing notice to First National that the checks were forged, as required by R.C. 1304.35(F). We reversed on appeal, holding that Bank One was not a "customer" of First National as defined in R.C.1304.01(A)(5), and therefore summary judgment based on R.C. 1304.35(F) was in error. See Hunt v. Sands (Oct. 19, 1998), Muskingum App. No. CT98-0017, unreported.
On November 30, 1998, First National again filed a motion for summary judgment against Bank One. Bank One filed its memorandum contra and cross motion for summary judgment on January 5, 1999, to which First National filed a reply on January 12, 1999. The trial court conducted an oral hearing thereupon on April 7, 1999.
On April 22, 1999, the court denied Bank One's motion for summary judgment, but granted First National's motion for summary judgment and dismissed the claims of Bank One.[1] On May 21, 1999 Bank One filed a notice of appeal and herein raises the following five Assignments of Error:
 I. THE TRIAL COURT ERRED IN FAILING TO GRANT BANK ONE TRUST CO., NA'S MOTION FOR SUMMARY JUDGMENT AS AGAINST FIRST NATIONAL BANK OF ZANESVILLE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE 1994 AMENDMENTS TO OHIO'S UCC RATHER THAN APPLYING THE PRE-1994 STATUTES.
 III. THE TRIAL COURT ERRED IN GRANTING FIRST NATIONAL BANK OF ZANESVILLE'S MOTION FOR SUMMARY JUDGMENT AS AGAINST BANK ONE TRUST CO., N.A.
 IV. THE TRIAL COURT ERRED IN HOLDING THAT THE DISHONEST ATTORNEY, MR. SANDS, WAS AN AGENT OF BANK ONE.
 V. IF THE TRIAL COURT FOUND THAT THE STATUTE OF LIMITATIONS WAS A BAR TO BANK ONE TRUST CO., NA'S CLAIMS AS AGAINST FIRST NATIONAL BANK OF ZANESVILLE, IT ERRED.
 I and III
In its First and Third Assignments of Error, appellant challenges the granting of summary judgment in favor of First National and the denial of Bank One's motion for summary judgment. We will address both assigned errors together.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignments of error.
The primary basis for the trial court's decision centers on its conclusion that Bank One breached its fiduciary duty by accepting forged probate court documents and thereby issuing checks to Hunt drawn on the guardianship account and delivered to Sands.
The relevant statute, R.C. 1303.49(A), provides a preclusion against a party seeking to enforce a claim against a party which has paid over a forged endorsement:
 (A) A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection.
As the UCC Official Comments indicate, the statute adheres to the doctrine of Young v. Grote (1827), 4 Bing. 253, which holds that a "drawer who so negligently draws an instrument as to facilitate its material alteration is liable to a drawee who pays the altered instrument in good faith." The Comments further state:
 No attempt is made to define particular conduct that will constitute "failure to exercise ordinary care [that] substantially contributes to an alteration." Rather, "ordinary care" is defined in [UCC] Section 3-103(a)(7) in general terms. The question is left to the court or the jury for decision in the light of the circumstances in the particular case including reasonable commercial standards that may apply.
First National directs us to the classic fact pattern found in ParkState Bank v. Arena Auto Auction, Inc. (Ill., 1965), 207 N.E.2d 158. In that case, the defendant drawer, an auction company, mistakenly sent a check to "Tom Plunkett" in Illinois, rather than to the intended "Plunkett" of Alabama. The Illinois Plunkett cashed the check at Park State Bank, which successfully sued for reimbursement from Arena Auction after payment on the check was stopped. The court held that Arena, by its own negligence, "substantially assisted in making it possible that an unauthorized person's signature passed title to the funds represented by said check." Id. at 160.
The facts in the case sub judice are similar, but of course distinguishable, in that Sands actually forged the signature of a completely different name. Thus, we cannot wholly rely on the rationale of Park State Bank, and hereby hold that reasonable minds could come to differing conclusions under the facts of the case sub judice. We find summary judgment improper as to whether Bank One failed to exercise ordinary care in issuing the four checks at issue, and whether its actions substantially contributed to the alteration of said instruments. We therefore remand these issues for determination by a jury.
Appellant's Third Assignment of Error is sustained. Because we hold that this matter warrants jury determination, Appellant's First Assignment of Error is overruled.
 II
In its Second Assignment of Error, Bank One argues that the trial court erred in applying post-1994 revised statutes to the transactions in the case sub judice, as the checks at issue were drafted no later than 1993.
A review of Bank One's cross-motion for summary judgment reveals no attempt to present this point to the trial court. In fact, Bank One recited therein the text of the post-1994 version of R.C. 1303.49(A) in said motion, as well as the modern forms R.C. 1304.17 and 1304.18, both of which are creatures of the 1994 amendments. It is well accepted law that a party is not permitted to complain of an error which said party invited or induced the trial court to make. In State v. Kollar (1915),93 Ohio St. 89, 91, the Supreme Court of Ohio stated as follows:
 The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment of an error for which he was actively responsible.
As Bank One based its arguments below on the post-1994 provisions, we find no merit in this present contention on appeal. Bank One's Second Assignment of Error is overruled.
 IV
In its Fourth Assignment of Error, Bank One argues that the trial court erred in finding that Attorney Sands acted in the capacity of the bank's agent. Based on our holding in Assignments of Error I and III, we likewise find this to be a factual issue which warrants consideration by a jury under the circumstances of this case.
Appellants Fourth Assignment of Error is sustained.
 V
In its Fifth Assignment of Error, Bank One asserts that the trial court erred in its apparent suggestion that the statute of limitations had expired against Bank One's claims. Although rendering a decision on the merits of the duelling summary judgment motions before it, the trial court made the following assessment:
 In regards to the statute of frauds, (sic) although that question is now moot, this court finds that when a guardian disburses funds without itself obtaining actual court authority it does so at its own risk. Bank One relied upon Mr. Sands and failed to abide by the oath of a guardian. Therefore, Bank One had reasonable cause to believe at the time its (sic) issuance of the checks that it did not have court authority because it did not obtain same.
A cause of action for breach of warranty of transfer or presentment "accrues when the claimant has reason to know of the breach." R.C.1304.17(E); 1304.18(F). However, since the trial court proceeded to rule on the merits of the summary judgment motions, the above commentary is in the nature of obiter dicta and any assignments of error based thereon are moot. See Parents for Responsible Oakwood Zoning, Inc. v. City ofOakwood (Feb. 5, 1999), Montgomery App. No. 17231, unreported.
Therefore, we decline to rule on the Fifth Assignment of Error.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed in part and reversed in part. This case is remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
 ______________________________ Wise, J.
Farmer, P.J., and Edwards, J., concur.
[1] On June 14, 1999, the trial court issued a nunc pro tunc entry, adding Civ.R. 54(B) "no just reason for delay" language.